DAVIDOFF MALITO & HUTCHER LLP
Attorneys for The Debtor
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200
Warren R. Graham (WG-7415)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| EAST 44TH REALTY, LLC., | Case No. 05- |
| Debtor. | |

-------------------------------------------------------X

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK )
                              ss.:
COUNTY OF NEW YORK )

Yusuf Bildirci being duly sworn, deposes and says:

1.   I am the managing member of the debtor, East 44th Realty, LLC. ("Debtor").

2.   The Debtor is the tenant under a under a net-lease dated as of December 9, 1960, as amended from time to time thereafter (the "Lease"). The premises subject to the Lease is a multi-story building located at 228-238 East 44th Street in Manhattan (the "Building") comprised of 164 residential units and three commercial spaces. The Debtor is the sub-lessor of the premises, collects rents from its subtenants and manages the premises. The filing of the instant petition under Chapter 11 of the Bankruptcy Code was necessitated by the existence of an ongoing dispute between the Debtor and the landlord East Forty-Fourth Street L.L.C. ("Landlord") concerning alleged defaults by the Debtor

00330804

under the Lease and efforts by the Landlord to terminate Lease. The issue of the Lease's ongoing validity is the subject of an appeal currently pending before the New York Supreme Court, Appellate Division for the First Department in *East 44th Realty, LLC v. East Forty-Fourth Street L.L.C.*, Index No. 110952/04.

    3.    No committee of creditors was previously appointed hereto.

    4.    There is no prior pending bankruptcy case.

    5.    The schedule of twenty (20) largest creditors is annexed to the petition.

    6.    The Debtor's only secured claimant is New York Community Bank with a mortgage of $12.6 million and approximately $111,658.10 in alleged legal.

    7.    The Debtor's main asset is the Lease, which generates rental revenues equal to $ 71,000 per month. The Debtor's other assets included a malpractice cause of action against its former attorney and damages claims against the Landlord. The Debtor's unsecured debt is approximately $252,825.71.

    8.    No property of the Debtor is in the possession or custody of any public officer, receiver, trustee, assignee for the benefit of creditors, mortgagee, pledgee or assignee of rents.

    9.    No shares of stock, debentures or other securities of the Debtor are publicly held.

    10.    The Debtor maintains its offices at 12 East 37th Street, New York, New York 10016.

    11.    The Debtor books and records are located at the Debtor's offices at 12 East 37th Street, New York, NY 10016.

12. On July 2, 2004, the Landlord served the Debtor with a notice of default based on the purported failure by the Debtor to complete certain undelineated repairs and threatened to terminate the Lease if the alleged default was not cured within thirty (30) days (the "July 2 Default Notice"). On July 28, 2004, the Debtor commenced the action styled *East 44th Realty, LLC v. East Forty-Fourth Street L.L.C.*, Index No. 110952/04 (Diamond, J.), in which the Debtor sought and was granted a *Yellowstone* injunction. The Landlord subsequently asserted counterclaims, and moved for summary judgment before issue was joined on its counterclaims. Significantly, at no time did the Landlord specify what repairs were required to cure the default, nor was any discovery taken with respect to this (or any other) issue.

The parties' motions were decided by the trial court in an order dated February 26, 2005 (the "Lower Court Order"). Among other things, the court held that the Debtor was responsible for the repairs at issue, but failed to define the scope of the work ostensibly required or to order the Landlord to do so. The trial court also failed to provide the Debtor with any time to effect the repairs, which would in all events require more than the four days remaining in the cure period to complete, and vacated the *Yellowstone* injunction. On March 10, 2005, the Landlord purported to serve a Notice of Termination of the Lease as of March 31.

The Debtor served Notice of Appeal of the Lower Court Order on March 18, 2005. On May 6, after the trial court denied a motion for a preliminary injunction reinstating the Yellowstone injunction, the Debtor made an emergency application to the Appellate Division for a stay pending appeal pursuant to CPLR §§ 5518 and 5519. An interim stay was granted on May 6 and on May 26, the Appellate Division granted the

Debtor's motion for a stay pending appeal, thereby staying the effect of the purported Termination Notice.

The issues on appeal include (i) whether the non-specific July 2 Default Notice was valid; (ii) whether trial court erred in finding the Debtor liable for indeterminate, undelineated repairs without ordering the Landlord to define the scope of the work ostensibly required; (iii) whether trial court erred when it lifted the *Yellowstone* injunction without affording the Debtor ample time to perform the work ostensibly required; and (iv) whether the Landlord's purported Lease termination was valid.   The Debtor's deadline to perfect its Appeal is August 8, 2005.

13. The Debtor has approximately eleven employees and the estimated weekly payroll for thirty days following the filing of the chapter 11 petition is $5,800 per week or $23,200 for four weeks.

14. The amount proposed to be paid to officers, stockholders and directors for thirty days following the filing of the chapter 11 petition is $0.00.

15. During the next thirty (30) day period, the Debtor estimates that its income will be $296,000, and that its expenses will be approximately $315,200.

                                                     _/s/ Yusuf Bildirici_____
                                                     Yusuf Bildirici, Managing Member

Sworn to before me this
5th day of August, 2005

___/s/ Warren R. Graham__
Notary Public

Warren R. Graham
Notary Public, State of New York
No. 02GR6114052
Qualified in New York County
Commission Expires August 5, 2006

00330804