UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

In re:

      EAST 44 REALTY, LLC,

             Debtor.

-------------------------------------------------X

Civil Action No.

Chapter 11 Case No.
05-16167 (RDD)

**ORAL ARGUMENT
REQUESTED**

### NOTICE OF LANDLORD'S MOTION
### FOR AN ORDER CERTIFYING ISSUE
### FOR INTERLOCUTORY APPEAL

PLEASE TAKE NOTICE that on the 2nd day of May, 2006 or as soon thereafter as counsel can be heard, the undersigned co-counsel for East Forty-Fourth Street L.L.C. ("Landlord"), shall move the United State District Court, S.D.N.Y., located at 500 Pearl Street, New York, New York, for an order, pursuant to Rules 8001(b) and 8003 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 158(a) (3), certifying for interlocutory appeal the bankruptcy court's determination and order of March 10, 2006 that the triple net lease governing the building located at 228-238 East 44th Street, New York, NY (the "Lease") has not terminated, and constitutes an "unexpired lease" for purposes of 11 U.S.C. § 365 which is potentially assumable by the Debtor.

PLEASE TAKE FURTHER NOTICE that Landlord shall rely upon the motion and exhibits thereto filed herewith. A proposed form of order is also submitted herewith.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 8003(a) of the Federal Rules of Bankruptcy Procedure, objections to the requested relief, if

{00021233.}

any, shall be filed and served on Landlord's counsel so as to be received by the Court and all interested parties on or before April 27, 2006.

PLEASE TAKE FURTHER NOTICE that in the event no objection is filed, the Court may grant the relief requested in the Motion without further notice or hearing.

Dated:      New York, NY
            April 17, 2006

                              Respectfully submitted,

                              By: _____
                                  Lawrence E. Tofel (LT 8631)
                                  TOFEL & PARTNERS, LLP
                                  800 Third Avenue
                                  New York, NY 10022
                                  (212) 752-0007


                              By: _____
                                  Judy G.Z. Liu (JL 6449)
                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, NY 10153

                                  *Attorneys for East Forty-Fourth Street,
                                  L.L.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
In re:                                                        Civil Action No. _____

       EAST 44 REALTY, LLC,                        Chapter 11 Case No.
                        05-16167 (RDD)
           Debtor.

---------------------------------------------------X

## LANDLORD'S MOTION FOR AN ORDER
## CERTIFYING ISSUE FOR INTERLOCUTORY APPEAL

East Forty-Fourth Street L.L.C. ("Landlord") by its undersigned counsel, as and for its motion for an order certifying for interlocutory appeal under 28 U.S.C.§ 158(a) the bankruptcy court's determination and order of March 10, 2006 that the triple net lease governing the building located at 228-238 East 44th Street, New York, NY (the "Lease") has not terminated, and  is susceptible to assumption by the Debtor pursuant to 11 U.S.C. § 365, respectfully represents:

## I.
## INTRODUCTION

The specific question for resolution on the interlocutory appeal sought hereby is whether the Lease terminated in accordance with its terms prior to the commencement of the Debtor's chapter 11 case, and is, or is not, susceptible to being assumed within the meaning of section 365 of the Bankruptcy Code (11 U.S.C. § 365).  The bankruptcy court's March 10, 2006 determination that the Lease has not terminated presents a textbook case calling for the application of the provisions of 28 U.S.C. § 158(a)(3) permitting interlocutory appeals to the District Court from bankruptcy court orders and

determinations.[1]    The bankruptcy court's ruling determined a central and "controlling question of law", with "substantial grounds for a difference of opinion" as to its correctness.    And, an immediate appeal of such ruling "will materially advance the ultimate termination of the litigation", in the most cost-effective and efficient way.    In sum, the grounds set forth in 28 U.S.C. § 1292(b) upon which certification of an appeal from an interlocutory order may be granted are satisfied here.

First, the issue presented is a "controlling question of law" – was the Lease terminated under applicable law months prior to the commencement, on August 5, 2005, of the Debtor's chapter 11 case – which can be quickly  and definitely answered.    This issue is a purely legal question based on facts not in dispute and is subject to *de novo* review.    In addition, certification of the March

---

[1]  The Bankruptcy Court's determination that "there is a lease extant that can be assumed" in the bankruptcy proceeding, and that the Lease has not terminated, is found at pages 26 and 72 of the March 10, 2006 transcript of proceedings, a copy of which is annexed hereto as Exhibit A.  (The bankruptcy court held the transcript and did not release same to the parties until April 5, 2006.)    The Bankruptcy Court refused to enter a separate order on its determination despite Landlord's request that it do so, and the Debtor's acknowledgment that the issue had been decided (Tr. pp. 69-70).    That court has elected instead to have all of the issues in respect of possible Lease assumption litigated to completion before issuing a final order regarding Debtor's request to assume the Lease as if the Lease had not terminated on March 31, 2005.    Those issues include, but are not limited to, the ability of the Debtor to assume; the ability of the Debtor to provide adequate assurance of future Lease performance; and the ability of the Debtor to cure existing Lease defaults, including litigation of the quantum of Landlord's damages the Debtor is required to cure as a condition of any possible assumption of the Lease.    The bankruptcy court itself has recognized that its March 10 resolution of the question of Lease termination is tantamount to an order denying Landlord's January 3 motion to enforce the Lease provisions which assign sublease proceeds to the Landlord by virtue of either unremedied Lease defaults or Lease termination.  (Tr. at 70-72).    Oral determinations such as this one here involved have been held appealable despite the absence of any subsequently entered "order", particularly when, as here (see March 10 Trans. at 16-26) the bankruptcy court orally explained its reasoning in detail on the record.  See, In Re Financial News Network, Inc., 126 B.R. 152, 155 (S.D.N.Y. 1991).

The Bankruptcy Court's March 10 determination constitutes, and should be treated for purposes of the instant motion as the pertinent "judgment, order or decree" appealable pursuant to 28 U.S.C. §158(a)(3).

10 determination is consistent with the policies favoring interlocutory appeals, including the avoidance of what could otherwise be an enormous amount of wasted trial time and litigation expense.   Permitting an appeal now will be efficient because if the determination of this central issue by the bankruptcy court is reversed, extensive, wasteful and unnecessary further proceedings in that court regarding the possible assumption by the Debtor of a terminated lease, will be avoided. [2]

Second, there are substantial grounds for differing with the opinion of the bankruptcy court as to whether the Lease has terminated.   In addition to misconstruing and misapplying established principles of New York law, in considering the issues, the bankruptcy court erroneously construed the meaning and "intent" of an order of New York's Appellate Division in a manner contrary to the express terms thereof.   Indeed, as demonstrated below, as a result of two state court decisions and the Debtor's own failure to act, the Lease "expired in accordance with its terms" and terminated more than four (4) months before the commencement of Debtor's bankruptcy case.   As a result, all further proceedings in the bankruptcy court aimed at determining whether the Debtor may or may not assume the Lease (under 11 U.S.C. § 365) may be a complete waste of time, money and judicial resources if the bankruptcy court's

---

[2] The bankruptcy court's determination that the Lease "can be assumed" necessitates further litigation of a number of issues in respect of any such assumption.   Principal among them are the Debtor's ability to provide the Landlord with adequate assurance of future performance, and determination of the steps required to cure monetary and non-monetary Lease defaults as conditions of such assumption.   All of this litigation, which will involve hundreds of hours of work by counsel and the Court, can potentially be avoided as unnecessary by permitting the interlocutory appeal to determine whether the bankruptcy court's ruling was reversible error.

determination that the Lease has not terminated is reversed.   In sum, the Lease terminated long before Debtor's petition herein was filed; it may not be revived by any determination of the bankruptcy court and may not be assumed by the Debtor.   Given the considerable grounds for reversal of the bankruptcy court's contrary conclusion, this question should be certified for immediate appeal.

Third, an immediate interlocutory appeal will "materially advance the termination of the litigation."   If it is determined on appeal that the Lease terminated prior to commencement of the bankruptcy case, the continuation of the bankruptcy proceeding is unnecessary, and it should come to an immediate end.   This would avoid a tremendous waste of the estate's "assets" (which impacts all creditors) and the potential for unnecessary proceedings or delay.   If the bankruptcy court proceeds and permits the Debtor to assume the Lease, and that determination is later undone on appeal, a costly and unnecessary injustice will have occurred.

### Statement of Facts Not In Dispute

The Lease between Landlord and Debtor has been the subject of years of litigation in the New York State Supreme Court.   The undisputed facts relevant to this application for leave to appeal to this Court are, however, straightforward and uncomplicated.

- By a Settlement Agreement, dated May 5, 2003, disposing of earlier New York State Supreme Court litigation in respect of the Lease here

involved, the Debtor made two promises to Landlord:

(i)    it would, no later than September, 2003, complete specified repairs to Landlord's multi-use building located at 228-238 East 44th Street, New York, NY; and

(ii)    it would not thereafter claim that it was not required to make those repairs.

- Debtor failed to make the specified repairs covered by the May 5, 2003 Settlement Agreement.

- On July 2, 2004, based on Debtor's default in failing to make the repairs as aforesaid, Landlord served a notice of Lease default on Debtor.

- On July 28, 2004 Debtor sued Landlord in the Supreme Court of the State of New York, County of New York, seeking declaratory and injunctive relief and money damages, claiming that it was not in default of the Lease and was not obligated to make the repairs covered by the May 5, 2003 Settlement Agreement.

- In that 2004 action, Debtor sought and, on July 30, 2004, obtained a *Yellowstone* injunction from Hon. Marilyn G. Diamond, J.S.C. tolling the period within which the Debtor had to cure the defaults in respect of which the Landlord had given its July 2 Notice of Default.

- Landlord answered the complaint and asserted counterclaims for declaratory relief and money damages.

- In October, 2004 -- Debtor having not made the specified repairs in the interim -- Landlord moved for summary judgment dismissing the complaint, for a declaration that Debtor was obligated to make those repairs and for judgment by default on its counterclaims.

- Debtor cross-moved for leave to serve a late reply to Landlord's counterclaims and for dismissal of Landlord's claims for declaratory relief. In opposition to Landlord's application, the Debtor claimed (again) that it was not obligated to make the repairs.

- By decision and order dated February 24, 2005 (the "Supreme Court Order"), Mme. Justice

Diamond granted Landlord summary judgment, declaring that Debtor was obligated to make the specified repairs, dismissing Debtor's cause of action for a permanent injunction barring Landlord from terminating the Lease based upon the defaults specified on the July 2, 2004 Notice of Default, denying Debtor's cross-motion as aforesaid, and vacating the *Yellowstone* injunction it had previously issued.

- The Supreme Court Order (copy annexed hereto as Exhibit B) was served on Debtor with Notice of Entry (as required by New York's CPLR) on March 3, 2005.

- At no time between the issuance of the Supreme Court Order and the commencement of Debtor's chapter 11 case did Debtor make, or begin to make, the specified repairs.

- Debtor did not seek a stay of the Supreme Court Order, and on March 10, 2005 (the remaining cure period under the original [July 2, 2004] notice of default having then expired), Landlord served the Debtor with Notice terminating the Lease as of March 31, 2005.

- On March 18, 2005 Debtor served a Notice of Appeal to the Appellate Division, First Department from the Supreme Court Order. Debtor did not then seek a stay of that order from either Mme. Justice Diamond or the Appellate Division. Neither did the Debtor make, or commence making, any of the specified repairs.

- On April 27, 2005, almost one month after the Lease was effectively terminated, Landlord began to exercise its right (as provided in the Lease) to collect rent from the sub-tenants/occupants of the building.

- On May 5, 2005, more than one month after the Lease was terminated, Debtor moved in the Appellate Division for a preliminary injunction, barring Landlord from interfering with Debtor's use and occupancy of the leased premises, and for a stay pending appeal.

- On May 6, 2005, Appellate Division Justice David Friedman issued an interim order (pending briefing by the parties and consideration of Debtor's motion by a Panel of

the Appellate Division) **"staying"** the Supreme Court Order pending the determination of Debtor's motion for a "preliminary injunction" and a "stay".

- Landlord opposed the Debtor's application claiming, *inter alia*, that by virtue of the March 10 Notice of termination and March 31 termination of the Lease, Debtor's appeal was moot and should be dismissed.

- By order dated May 26, 2005 (the "May 26 Stay Order"), Debtor's motion for a ***stay*** was granted by the Appellate Division (which declined, however, to issue the requested preliminary injunction); the determination of Landlord's cross-motion to dismiss the appeal as moot was expressly deferred for possible consideration as part of the Debtor's substantive appeal. The Appellate Division ordered the appeal expedited and directed the Debtor to perfect its appeal for the October, 2005 term. To comply with that decision, Debtor was required to perfect its appeal no later than August 8, 2005. The May

26 Stay Order of the Appellate Division is annexed as Exhibit C.

- Debtor elected not to perfect its appeal within the time directed by the Appellate Division, and, instead, on August 5, 2005, commenced its chapter 11 case in the bankruptcy court.

- By its September 12, 2005 Order, the bankruptcy court modified the automatic stay in respect of the pending state court litigation, thus permitting the appeal to the Appellate Division to proceed.

- On December 15, 2005, the Appellate Division affirmed the Supreme Court Order.

- Based on the March 31 termination of the Lease, Landlord moved in the bankruptcy court by Order to Show Cause dated January 3, 2006 for an Order directing the release and return to it of all sublease proceeds.

- In response to Landlord's motion, on January 31, 2006, the Debtor moved the bankruptcy court for an Order permitting it to assume the Lease (the "Assumption Motion").

- Proceedings following the Landlord's January 3 motion and the Debtor's Assumption Motion led to the Bankruptcy Court's March 10, 2006 decision that the Lease had not terminated prior to the Debtor's chapter 11 case.

Copies of Landlord's January 3, 2006 Motion and its February 1 and February 17, 2006 submissions to the bankruptcy court are annexed hereto as Exhibits D, E and F, respectively and incorporated herein.

## II.
## ARGUMENT AND AUTHORITIES

In evaluating a motion for permission to appeal an interlocutory order under 28 U.S.C. § 158(a)(3), the District Court should apply the standards set forth in 28 U.S.C. § 1292(b).   In Re XO Comm., 2004 WL 360376 (S.D.N.Y.); Urban Retail Properties v. Loew's Cineplex Entertainment Corp., 2002 WL 535479 (S.D.N.Y.), In Re Orange Boat Sales, 239 B.R. 471 (S.D.N.Y. 1999); In Re Macinnis, 235 B.R. 255 (S.D.N.Y. 1998).  An order, judgment or decree may be certified for interlocutory appeal when it "[1] involves a controlling question of law, [2] as to which there is substantial ground for difference of opinion [as to its correctness] and [3] an immediate appeal...may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  The standard is a relaxed one in the bankruptcy context.  So long as such appeal is not "patently frivolous", leave to appeal should be "liberally granted" where, as here, hearing the appeal "will serve to bring about the expeditious resolution of the case."  In

Re New Haven Radio, 23 B.R. 762, 764 (S.D.N.Y. 1982); In Re Financial News
Network, Inc., 126 B.R. 152, 155 (S.D.N.Y. 1991) (expedited appeal permitted
to resolve important issue particularly where bankruptcy court's on-the-record
explanation of its reasoning provided "ample basis for review").    The
bankruptcy court's determination and order that the Lease did not terminate
and was capable of being assumed under 11 U.S.C. § 365 ignored undisputed
facts and applicable principles of New York law.  Landlord should be permitted
to take an interlocutory appeal from that determination and order, because the
three statutory requirements for doing so are squarely met here.

**A.    The Issue As to Whether The Lease Has Terminated Is A Controlling
Question of Law.**

The bankruptcy court's Lease termination ruling satisfies the first
statutory prerequisite for certification because it involves a controlling question
of law.  For purposes of 28 U.S.C. § 1292(b), a question of law refers "to a 'pure'
question of law" Ahrenholz v. Bd. of Trs. Of Univ. of Ill., 219 F.3d 674, 676-77
(7th Cir. 2000) (Posner, J.) (stating that appellate courts should be able to
review pure questions of law "without having to wait till the end of the case").
The Lease termination ruling turns on whether the Lease terminated on March
31, 2005 as a matter of New York law in accordance with Landlord's March 10
Notice of Termination issued pursuant to the Lease, or whether (as the
bankruptcy court incorrectly concluded) the May 26 Stay Order effectively
nullified such termination by subsequently and retroactively reinstating the
*Yellowstone* injunction previously vacated by the Supreme Court Order, such
that, when the Appellate Division subsequently affirmed that order, the

Debtor's right to cure had not then lapsed.  This is plainly a question of law that can be answered without waiting for further, potentially unnecessary and costly proceedings in the bankruptcy court.

Furthermore, the Lease termination issue is a question of law that is categorically controlling if its incorrect disposition would require reversal of the final judgment.  Katz v. Carte Blanche Corp., 496 F.2d 747, at 755 (3rd Cir. 1974).  Any question of law that is "serious to the conduct of the litigation, either practically or legally" is controlling.  Id. Accord Rafoth v. Nat'l Union Fire Ins. Co. In Re Baker & Getty Fin. Servs., Inc., 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) ("All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.").  In determining whether a question is controlling "[t]he key consideration...is whether [the determination] truly implicates the policies favoring interlocutory appeal." Id. at 756.  Among these policies are "the avoidance of possibly wasted trial time and litigation expenses." Katz, 496 F.2d at 756.

The bankruptcy court's Lease termination decision satisfies the controlling–issue standard here.  Indeed, the bankruptcy court, the Debtor, the Landlord and all other parties in the bankruptcy case, have consistently recognized that the Lease termination issue is the most important issue in the Debtor's chapter 11 case and that everything in the case – including the very ability of the Debtor to reorganize its business under chapter 11 - depends on how that question is resolved.  See, Exhibit G, hereto, the August 10, 2005

transcript of proceedings before Chief Bankruptcy Judge Bernstein (before the

Debtor requested that the case be reassigned to a different Bankruptcy Judge.)

> at page 8:  "The Court:...You can't assume the lease
> until somebody determines that there's a lease to
> assume";
>
> at 10:  "Mr. Graham [Debtor's counsel]:...the lease has
> value and we want to sell it.  That's a reorganization
> strategy"...
>
> "The Court: How are you going to assume and assign it
> if you don't have a lease?"); and
>
> at 25:  "The Court:  My understanding is that the
> parties have agreed that relief from stay would be
> granted to the extent of litigating the pending
> dispute...that is before the Appellate Division, and --
>
> Mr. Graham "Well, at least the existence of the Lease,
> your Honor.  I think that's the primary issue...".

See also March 10, 2006 trans. (Exhibit A) at 9 and 16 describing Lease

termination as the "gating issue".

Indeed, the Lease was the Debtor's sole significant asset and if this Court

concludes, as Landlord believes it should, that the Lease terminated effective

March 31, 2005 (more than four (4) months prior to the bankruptcy case), the

Debtor's chapter 11 case will be effectively concluded.  Thus, certification for

immediate appeal will serve the policy of conserving judicial resources, the

parties' time, and the estate's resources.

**B.    Substantial Grounds Exist For Difference Of Opinion With The
Bankruptcy Court's Ruling That The Lease Has Not Terminated.**

The March 10 determination that "there is a lease extant that can be

assumed" (March 10 Transcript at 26) satisfies the second prerequisite for

certification because "substantial grounds for difference of opinion" exist regarding the nature of the claims and remedies at issue.  28 U.S.C. § 1292(b).

Indeed, the briefs and supplemental materials Landlord submitted to the bankruptcy court at its request – copies of which (Exhibits "D", "E" and "F", hereto) are herewith provided in support of the instant motion – establish beyond dispute that the Lease terminated on March 31, 2005 and may not be assumed by the Debtor.  The Debtor's opposition to the Landlord's position, and the bankruptcy court's disagreement with Landlord, are not based on any factual dispute, but instead constitute a misreading and misapplication of the law which this Court can and should rectify as soon as possible.

Central to the bankruptcy court's determination that the Lease had not terminated were two incorrect conclusions, each drawn from its erroneous interpretation of the May 26 Stay Order, which granted the Debtor's motion for a stay of the enforcement of the February 24, 2005 Supreme Court Order, pending Debtor's appeal on the Lease default issue.  The Supreme Court (Diamond, J.S.C.) had granted Landlord's motion for summary judgment as to whether certain defaults had occurred under the Lease, and vacated a previously entered *Yellowstone* injunction issued in July, 2004 in favor of the Debtor (prior to its chapter 11 case).  Thereafter, the time within which Debtor was permitted to cure the defaults lapsed, and Landlord proceeded to enforce its rights under the Lease so as to terminate it as of March 31, 2005 and begin collection of the attendant sublease rents.  The bankruptcy court erroneously held that the May 26 Stay Order somehow retroactively revived the vacated

*Yellowstone* injunction, thereby preserving Debtor's right to cure the Lease defaults pending appeal, despite the termination of the Lease that occurred on March 31, 2005 in accordance with the terms of the Lease. To support this conclusion, the bankruptcy court erroneously held that the Appellate Division's May 26 Stay Order had rejected, on the merits, Landlord's argument that Debtor's appeal of the Supreme Court Order was moot, given the prior termination of the Lease. The bankruptcy court, however, overlooked or disregarded the express terms of the May 26 Stay Order in which the Appellate Division **preserved** the issue of mootness for possible adjudication at the time it heard and determined the substantive appeal (see, May 26, 2005 Order, Exhibit C, hereto). The same Appellate Division later (on December 15, 2005) affirmed the grant of summary judgment to the Landlord and against the Debtor (with costs), and dismissed the appeal without comment on the broader issue of mootness.

**C.    Immediate Interlocutory Appeal Of The Lease Termination Issue Will Materially Advance The Ultimate Termination Of This Litigation.**

Finally, the bankruptcy court's determination and order satisfies the final requirement for certification because an immediate interlocutory appeal will materially advance the ultimate termination of this case.

First, this issue is ripe for determination because the bankruptcy court actually made a final determination on the "lease termination" issue, and therefore no further development of the record on that issue is necessary, nor will future factual development or discovery affect the analysis of whether or not the Lease terminated.

Second, immediate resolution of whether the Lease terminated will prevent undue delay in resolving the litigation. Specifically, an immediate appeal will prevent the possibility that after further protracted proceedings in the bankruptcy court – including discovery, evidentiary hearings on the issue of adequate assurance of future performance, and the appropriate cure amount required for Debtor to assume the Lease (which also requires resolution of a related adversary proceeding_ - the termination issue is subsequently appealed to and reversed by this Court which would then necessitate remand of the case to the bankruptcy court for still further protracted proceedings to undo the damage to Landlord that will occur so long as the Debtor remains in control of the property that was governed by the Lease. See Lutz v. Glendale Union High School, 403 F.3d 1061, 1067 (9th Cir. 2005). Thus, an interlocutory appeal will prevent unnecessary waste of the resources of the Court and the bankruptcy estate. Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 478 F.Supp. 899, 944 (E.D. Penn. 1979).

Third, the courts have explicitly recognized the broad role of immediate appeals in the bankruptcy context. In a recent decision, the United States Court of Appeals for the Third Circuit exercised jurisdiction over an appeal of the substantive consolidation order entered by the district court in the Owens-Corning chapter 11 case. In Re Owens-Corning, 2005 WL 1939796, at *4. In accepting the appeal, the Third Circuit acknowledged a "relaxed standard" of finality in the bankruptcy context because matters that may "affect the distribution of the debtor's assets, or relationship among the creditors" should

{00021323.}                            17

be "resolved quickly." Id. In short, certification for interlocutory appeal of the bankruptcy court's March 10 ruling will advance the policies underlying the procedures for interlocutory appeal and will materially advance the efficient resolution of this litigation.

**CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, Landlord respectfully requests this Court to enter an order certifying the March 10, 2006 determination of the bankruptcy court for interlocutory appeal pursuant to 28 U.S.C. § 158(a). Specifically, this Court should grant Landlord's motion and establish a briefing schedule to enable this Court to forthwith hear and determine the legal issue of whether the Lease was actually terminated prior to the commencement of Debtor's chapter 11 case and is (or is not) susceptible to assumption within the meaning of 11 U.S.C. § 365, together with such other and further relief as the Court may deem appropriate.

Dated:    New York, New York
          April 17, 2006

Respectfully submitted,

By:_____
        Lawrence E. Tofel (LT8631)
TOFEL & PARTNERS, LLP
800 Third Avenue, 12th Floor
New York, NY 10022
(212) 752-0007

-and-

By: _____

    Judy G.Z. Liu (JL 6449)
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8000

*Attorneys for East Forty-Fourth
Street L.L.C.*