UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                            :
In re:                                      :    Chapter 11
                                            :
EAST 44TH REALTY, LLC,                      :    Case No. 05-16167 (RDD)
                                            :
            Debtor.                         :
-------------------------------------------------------X

**MOTION OF THE CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY CODE SECTION 1125 SEEKING
APPROVAL OF PROPOSED DISCLOSURE STATEMENT FOR
TRUSTEE'S CHAPTER 11 PLAN OF LIQUIDATION**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

David R. Kittay (the "Trustee"), Chapter 11 Trustee for the Estate of East 44th Realty, LLC (the "Debtor"), files this motion (the "Motion") for entry of an order approving his proposed Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation (the "Disclosure Statement") as containing adequate information and respectfully states as follows:

**Background**

1.      On August 5, 2005, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      On January 22, 2007, East Forty-Fourth Street LLC filed a motion seeking the appointment of a Chapter 11 Trustee.

3.      On February 16, 2007, David R. Kittay was appointed Chapter 11 Trustee of the Debtor's Estate. Mr. Kittay accepted this appointment and is the qualified and duly acting Trustee.

4.      By Order dated August 9, 2007, the Court approved a stipulation the

Trustee entered into with the Debtor's landlord and the Debtor's secured lender. The stipulation resolved years of rancorous litigation and fixed the Debtor's outstanding monetary and non-monetary cure costs related to its primary asset[1], a ground lease and related sub-leases for property located in New York, New York and enabled the Trustee to assume and assign the ground lease and related sub-leases to Global Capital Holding LLC ("Global") in October 2007 for $16.2 million.

   5. Nonetheless, one of the Debtor's principals appealed the order approving the stipulation. That litigation has been resolved in the Debtor's favor.

   6. Sale of the ground lease to Global engendered additional litigation as the original highest and best bidder, G Squared Management LLC ("GSM") and G Squared Associates LLC ("GSA", GSA and GSM are collectively referred to hereinafter as "G Squared"), defaulted and the Trustee was forced to litigate his retention of G Squared's ten percent down payment. The Bankruptcy Court ruled in favor of the Debtor's estate and authorized the Trustee to retain the down payment. G Squared appealed the Bankruptcy Court's decision and that decision is still pending before the Honorable Judge Crotty, United States District Court Judge for the Southern District of New York.

**The Trustee Has Drafted a Plan of Liquidation**

   7. The Trustee determined that it is inequitable to continue to make holders of allowed, timely-filed, general unsecured claims wait for a resolution of the G Squared appeal

---

[1] The Debtor's Estate may have litigation rights against one of the Debtor's sub-tenants and one of the Debtor's principals and his solely-owned company. Pursuant to the Trustee's proposed plan of liquidation, the Trustee and/or the Plan Administrator will retain the right to pursue these causes of action on behalf of the Debtor's estate.

before they receive a distribution. This is especially so since G Squared did not seek (nor receive) a stay of distribution of the funds. Accordingly, the Trustee has drafted a plan of liquidation that provides for an initial distribution of approximately 27% to holders of allowed, timely-filed, general unsecured claims. In calculating this distribution, the Trustee anticipated a worst case scenario where the Trustee might be directed to return all but $515,000[2] of the G Squared $1,670,000 down payment to G Squared.

## Relief Requested

8.  Bankruptcy Code Section 1125(b) provides in salient part:

> (b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder, the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

11 U.S.C. §1125(b).

9.  Further, Bankruptcy Code Section 1125(a)[3] provides in salient part:

> (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ...

11. U.S.C. §1125(a).

---

[2]  The $515,000 figure represents the actual loss calculated to the Debtor's estate as of September 11, 2007 as a result of G Squared's default, plus the approximately $76,000 in legal fees the Debtor's estate incurred in defending the G Squared appeal.

[3]  The Debtor's case was commenced prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

10. The Trustee has prepared a proposed Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation which conforms with the requirements of Bankruptcy Code Section 1125. A copy of the proposed Disclosure Statement is annexed hereto as Exhibit A. Accordingly, the Trustee respectfully seeks entry of an order in the form annexed hereto as Exhibit B approving the Trustee's proposed Disclosure Statement.

## Notice

11. Notice of the relief requested herein (the "Hearing Notice") and a copy of this motion will be provided to: (a) the Office of the United States Trustee; (b) Gary Lampert, CPA; (c) New York State Department of Taxation and Finance; (d) New York State Department of Labor; (e) Abraham Backenroth, Esq. and Mark Frankel, Esq., counsel to Joseph Bildirici; (f) each of the Debtor's equity holders (at the addresses provided to the Trustee by counsel to the Debtor's principal); (g) B&F Imports, Inc.; (h) Father and Son Appliance, Inc.; (i) Every Supply Co.; (j) Merit Kaplan Hardware; (k) New York Community Bank, through its counsel Ronald Greenberg, Esq.; (l) Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.; (m) Davidoff & Malito, the Debtor's Chapter 11 counsel; (n) Consolidated Edison Company of New York, Inc.; (o) counsel to the Debtor's landlord, Lawrence Tofel, Esq.; (p) Global Capital Holding LLC, through its principal Uri Mermelstein and its attorney Scott Lanin, Esq.; (q) Proskauer Rose LLP, real estate counsel to the Trustee; (r) Arthur Steinberg, Esq.; and (s) all persons or entities who or which have filed notices of appearance in the Debtor's case. A form of the Hearing Notice is annexed hereto as Exhibit C.

12. The Debtor was "sub-landlord" to approximately 165 residential and non-residential leases. Although this Court entered an Amended Order dated September 17, 2007

4

directing all persons or entities who or which were owed money to file a proof of claim, none of the tenants filed proofs of claim and, accordingly, none have claims against the Estate. Out of an abundance of caution, the Trustee is providing each of the pre-petition Debtor's tenants (as identified in the bankruptcy Schedules) with a copy of the notice of the hearing on the proposed Disclosure Statement, in the form annexed hereto as Exhibit D, which advises such persons or entities that although they are not entitled to vote on the Plan, they can obtain a copy of the proposed Disclosure Statement and Plan, free of charge, by contacting counsel to the Trustee. These persons or entities will <u>not</u> receive a copy of this Motion or of the proposed Disclosure Statement unless they specifically request one from the Trustee's counsel.

13. The Trustee believes that the notice set forth in the above two paragraphs is good and sufficient.

14. No previous motion for the relief sought herein has been made to this or any other Court.

## **Waiver of Memorandum of Law**

15. Inasmuch as the relevant points and authorities relied upon in support of the application are set forth above, the Trustee respectfully requests that the requirement of a separate memorandum of law be waived in this instance.

WHEREFORE, the Trustee respectfully requests entry of an order in the form annexed hereto as Exhibit B: (a) approving the Trustee's proposed Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation; (b) setting forth a date by which a copy of the Disclosure Statement and Plan must be served on all interested parties; (c) setting forth a date by which objections to the Trustee's Chapter 11 Plan of Liquidation must be filed with the Clerk of the

Court and served on interested parties; (d) setting a date by which ballots on the Trustee's Chapter 11 Plan of Liquidation must be filed with the Clerk of the Court and served on interested parties; and (e) granting such other relief as is just and proper.

Dated: Tarrytown, New York
       May 30, 2008

                                        KITTAY & GERSHFELD, P.C.
                                        Attorneys for the Trustee

                                        /s/ Judith L. Siegel
                                        Judith L. Siegel (JS 1208)
                                        100 White Plains Road
                                        Tarrytown, New York 10591
                                        (914) 332-8000

## Exhibit A

Proposed Disclosure Statement

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                            :
In re:                                :          Chapter 11
                                            :
EAST 44TH REALTY, LLC,          :          Case No. 05-16167 (RDD)
                                            :
                   Debtor.    :
-------------------------------------------------------X

**ORDER APPROVING PROPOSED DISCLOSURE STATEMENT
FOR TRUSTEE'S CHAPTER 11 PLAN OF
LIQUIDATION AS CONTAINING ADEQUATE
INFORMATION PURSUANT TO BANKRUPTCY CODE SECTION 1125**

Upon the motion (the "Motion") of David R. Kittay, Chapter 11 Trustee for the estate of East 44th Realty, LLC (the "Debtor"), seeking, *inter alia*, entry of an order approving the proposed Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation (the "Disclosure Statement"); and a copy of the Motion, the proposed Disclosure Statement, and the Notice of Hearing in the form annexed to the Motion as Exhibit B having been provided to (a) the Office of the United States Trustee; (b) Gary Lampert, CPA; (c) New York State Department of Taxation and Finance; (d) New York State Department of Labor; (e) Abraham Backenroth, Esq. and Mark Frankel, Esq., counsel to Joseph Bildirici; (f) each of the Debtor's equity holders (at the addresses provided to the Trustee by counsel to the Debtor's principal); (g) B&F Imports, Inc.; (h) Father and Son Appliance, Inc.; (i) Every Supply Co.; (j) Merit Kaplan Hardware; (k) New York Community Bank, through its counsel Ronald Greenberg, Esq.; (l) Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.; (m) Davidoff & Malito, the Debtor's Chapter 11 counsel; (n) Consolidated Edison Company of New York, Inc.; (o) counsel to the Debtor's landlord, Lawrence Tofel, Esq.; (p) Global Capital Holding LLC, through its principal Uri Mermelstein

and its attorney Scott Lanin, Esq.; (q) Proskauer Rose LLP, real estate counsel to the Trustee; (r) Arthur Steinberg, Esq.; and (s) all persons or entities who or which have filed notices of appearance in the Debtor's case; and a copy of a notice in the form annexed to the Motion as Exhibit C explaining that a disclosure statement and plan had been propounded by the Trustee having been provided to each of the pre-petition Debtor's tenants (as identified in the bankruptcy Schedules); and proof of such service having been filed with the Clerk of the Bankruptcy Court for the Southern District of New York; and the hearing having been held on the relief requested in the Motion; and after hearing all parties wishing to be heard at the hearing; and upon the record of the hearing; and due deliberation having been had, and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; it is now hereby

**ORDERED** that the proposed Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation dated May 30, 2008 (the "Disclosure Statement"), be and it hereby is approved as containing adequate information pursuant to Bankruptcy Code Section 1125; and it is further

**ORDERED** that the Trustee is hereby directed to serve a copy of the Disclosure Statement, including the Trustee's Chapter 11 Plan of Liquidation dated May 30, 2008 (the "Plan"), on (a) the Office of the United States Trustee; (b) Gary Lampert, CPA; (c) New York State Department of Taxation and Finance; (d) New York State Department of Labor; (e) Abraham Backenroth, Esq. and Mark Frankel, Esq., counsel to Joseph Bildirici; (f) each of the Debtor's equity holders (at the addresses provided to the Trustee by counsel to the Debtor's principal); (g) B&F Imports, Inc.; (h) Father and Son Appliance, Inc.; (i) Every Supply Co.; (j) Merit Kaplan Hardware; (k) New York Community Bank, through its counsel Ronald Greenberg,

2

Esq.; (l) Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.; (m) Davidoff & Malito, the Debtor's Chapter 11 counsel; (n) Consolidated Edison Company of New York, Inc.; (o) counsel to the Debtor's landlord, Lawrence Tofel, Esq.; (p) Global Capital Holding LLC, through its principal Uri Mermelstein and its attorney Scott Lanin, Esq.; (q) Proskauer Rose LLP, real estate counsel to the Trustee; (r) Arthur Steinberg, Esq.; and (s) all persons or entities who or which have filed notices of appearance in the Debtor's case, by first class mail, by no later than July __, 2008; and it is further

**ORDERED** that the hearing (the "Confirmation Hearing") to consider confirmation of the Trustee's proposed Plan shall be held on August __, 2008 at __:__ _.m. (the "Confirmation Hearing Date"); and it is further

**ORDERED** that the Confirmation Hearing may be adjourned from time to time without further notice to any creditor or other party in interest other than by announcement of the adjourned date in open court on the Confirmation Hearing Date; and it is further

**ORDERED** that objections to the Plan must be filed with the Clerk of the Court, and a courtesy copy provided to: (a) the Honorable Robert D. Drain, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004; (b) the Trustee, care of Kittay & Gershfeld, P.C., 100 White Plains Road, Tarrytown, New York 10591, Att'n: Judy Siegel, Esq.; (c) the United States Trustee, Southern District of New York, One Bowling Green, New York, New York 10004, Att'n: Richard Morrissey, Esq., Assistant United States Trustee; (d) counsel for the Debtor, Davidoff & Malito, 605 Third Avenue, 34th Floor, New York, New York 10158, Att'n: Ralph Preite, Esq.; and (e) counsel for Joseph Bildirici, Backenroth Frankel & Krinsky, LLP, 489 Fifth Avenue, New York, New York 10017, Att'n: Mark A. Frankel, Esq., by no later than

August __, 2008; and it is further

ORDERED that all ballots to accept or reject the Plan must be **received** by the Trustee, David R. Kittay, care of Kittay & Gershfeld, P.C., 100 White Plains Road, Tarrytown, New York 10591, Att'n Judy Siegel, by August __, 2008, at 5:00 p.m., New York City time; and it is further

ORDERED that in order to be counted for voting, holders of claims entitled to vote must submit original, signed ballots to the Trustee by August __, 2008 and that facsimile copies of ballots will not be accepted or counted; and it is further

ORDERED that the Trustee must submit a summary of balloting report to the Court by no later than August __, 2008; and it is further

ORDERED that the notice of the relief requested in the Motion, as set forth in paragraphs 11 and 12 in the Motion and in the form annexed to the Motion as Exhibits B and C be, and it hereby is, deemed good and sufficient notice of the relief requested in the Motion.

Dated: New York, New York
       July __, 2008

_____
United States Bankruptcy Judge

**Exhibit C**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 2, 2008 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 a.m. |

--------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
EAST 44TH REALTY, LLC,                              :    Case No. 05-16167 (RDD)
                                                    :
                          Debtor.                   :
--------------------------------------------------------x

NOTICE OF HEARING ON TRUSTEE'S MOTION,
PURSUANT TO BANKRUPTCY CODE SECTION 1125,
SEEKING APPROVAL OF PROPOSED DISCLOSURE
STATEMENT FOR TRUSTEE'S CHAPTER 11 PLAN OF LIQUIDATION

**PLEASE TAKE NOTICE** that upon the motion ("Motion") of Judith L. Siegel, on behalf of the Chapter 11 Trustee in the above-captioned case, David R. Kittay (the "Trustee"), by and through his attorneys, Kittay & Gershfeld, P.C., will move this Court before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 610, on **July 2, 2008 at 10:00 a.m.**, or as soon thereafter as counsel may be heard (the "Hearing Date"), for entry of an order seeking approval of the proposed Disclosure Statement for the Trustee's Chapter 11 Plan of Liquidation, and setting dates for service of and objections to the Disclosure Statement and Plan, and setting a date by which ballots on the Trustee's Chapter 11 Plan of Liquidation must be filed with the Clerk of the Court and served on interested parties.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall be in writing, shall be served upon the undersigned attorneys for the Trustee with a courtesy copy to Chambers, so as to be received no later than three days before the Hearing Date; and shall be filed with the Clerk of the Bankruptcy Court together with proof of service.

**PLEASE TAKE FURTHER NOTICE** that each such objection shall state the name of the objecting party, its status as a party in interest, whether it has filed a claim in the above-captioned case, the amount of such claim and the nature and basis of its objection and conform with the following requirements:

> objections filed by parties with legal representation shall be filed (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance number at (212) 668-2870, ext. 3522,

available Monday-Friday 8:30 a.m. through 5:00 p.m.) through the Internet at the Bankruptcy Court's website: www.nysb.uscourts.gov using Netscape Navigator software 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Acrobat Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of the document, document number of the document to which the objection refers and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use the PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth herein.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned from time to time without further notice to any creditor or other party in interest other than by announcement of the adjourned date in open court on the Hearing Date.

Dated: May 30, 2008
      Tarrytown, New York

                                        **KITTAY & GERSHFELD, P.C.**

                                        By:_____
                                            Judith L. Siegel (JS- 1208)
                                            Attorneys for the Chapter 11 Trustee
                                            100 White Plains Road
                                            Tarrytown, New York 10591
                                            (914) 332-8000

**Exhibit D**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 2, 2008 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 a.m. |

---------------------------------------------------------x
In re:                                                                  :           Chapter 11
                                                                              :
EAST 44TH REALTY, LLC,                                  :           Case No. 05-16167 (RDD)
                                                                              :
                                    Debtor.                       :
---------------------------------------------------------x

**NOTICE OF HEARING ON TRUSTEE'S MOTION,
PURSUANT TO BANKRUPTCY CODE SECTION 1125,
SEEKING APPROVAL OF PROPOSED DISCLOSURE
STATEMENT FOR TRUSTEE'S CHAPTER 11 PLAN OF LIQUIDATION**

**PLEASE TAKE NOTICE** that upon the motion ("Motion") of Judith L. Siegel, on behalf of the Chapter 11 Trustee in the above-captioned case, David R. Kittay (the "Trustee"), by and through his attorneys, Kittay & Gershfeld, P.C., will move this Court before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 610, on **July 2, 2008 at 10:00 a.m.**, or as soon thereafter as counsel may be heard (the "Hearing Date"), for entry of an order seeking approval of the proposed Disclosure Statement for the Trustee's Chapter 11 Plan of Liquidation, and setting dates for service of and objections to the Disclosure Statement and Plan, and setting a date by which ballots on the Trustee's Chapter 11 Plan of Liquidation must be filed with the Clerk of the Court and served on interested parties.

*__PLEASE TAKE FURTHER NOTICE__ that by Amended Order dated September 17, 2007, the Bankruptcy Court entered an order directing all persons or entities who or which were owed money to file a proof of claim against the Debtor's estate. You failed to do so and, accordingly, you have no claim against the Debtor's estate. Nonetheless, you are being provided a copy of this Notice of Hearing on the proposed Disclosure Statement even though the Trustee does not believe that you: (a) have standing to opine on the adequacy of the information contained in the proposed Disclosure Statement, or (b) are entitled to vote on the proposed Plan of Liquidation. Nonetheless, interested parties may obtain a copy of the Motion, the proposed Disclosure Statement and the proposed Plan of Liquidation, at no charge, by contacting counsel to the Trustee, Judy Siegel, Esq., Kittay & Gershfeld, P.C., 100 White Plains Road, Tarrytown, New York 10591, (914) 332-8000, jsiegel@kittaylaw.com.*

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall be in writing, shall be served upon the undersigned attorneys for the Trustee with a courtesy copy to chambers, so as to be received no later than three days before

the Hearing Date; and shall be filed with the Clerk of the Bankruptcy Court together with proof of service.

      **PLEASE TAKE FURTHER NOTICE** that each such objection shall state the name of the objecting party, its status as a party in interest, whether it has filed a claim in the above-captioned case, the amount of such claim and the nature and basis of its objection and conform with the following requirements:

> objections filed by parties with legal representation shall be filed (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance number at (212) 668-2870, ext. 3522, available Monday-Friday 8:30 a.m. through 5:00 p.m.) through the Internet at the Bankruptcy Court's website: www.nysb.uscourts.gov using Netscape Navigator software 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Acrobat Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of the document, document number of the document to which the objection refers and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use the PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth herein.

      **PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned from time to time without further notice to any creditor or other party in interest other than by announcement of the adjourned date in open court on the Hearing Date.

Dated: May 30, 2008
      Tarrytown, New York

                        **KITTAY & GERSHFELD, P.C.**

                        By:_____
                           Judith L. Siegel (JS- 1208)
                           Attorneys for the Chapter 11 Trustee
                           100 White Plains Road
                           Tarrytown, New York 10591
                           (914) 332-8000

**RIDER**

   **\*\*\***   Please be advised that exhibits in this document may not have been electronically filed.  Please be further advised that copies of the exhibits may be obtained (free of cost) by contacting counsel for the Trustee, Kittay & Gershfeld, P.C. at 100 White Plains Road, Tarrytown, New York 10591 (914) 332-8000, Attn: Michelle G. Gershfeld, Esq.